**Steven G. LADY, Plaintiff,**

v.

**OUTBOARD MARINE CORPORATION, d/b/a OMC, Inc., d/b/a OMCC, d/b/a Chris Craft and Does I–X, Defendants.**

**No. 1:98CV168RG.**

United States District Court,
S.D. Mississippi,
Southern Division.

May 7, 1999.

Carter O. Bise, Floyd J. Logan, Logan and Bise, Gulfport, for Steven G. Lady, plaintiffs.

James H. Heidelberg, Colingo, Williams, Heidelberg, Steinberger & Mcelhaney, Pascagoula, for Outboard Marine Corp., d/b/a OMC, Inc., d/b/a OMCCC, d/b/a Chris Craft, Does I–X, defendants.

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

GUIROLA, United States Magistrate Judge.

BEFORE THIS COURT is the Motion of the Defendants, Outboard Marine Corporation and Recreational Boat Group Limited Partnership (hereinafter referred to as either "Defendants" or "OMC"), for Summary Judgment [13–1]. In their Motion, Defendants contend that Plaintiff's claims are preempted by provisions of the Federal Boat Safety Act of 1971 ("FBSA"). Plaintiff argues that his common law claims are preserved by the FBSA's savings clause. After consideration of the Motion, briefs and arguments of counsel and the relevant legal authority, it is the opinion of the Court that Plaintiff's common law product liability claims based upon OMC's failure to provide a propeller guard on its product is preempted by the FBSA. In addition, the Court is of the opinion that Plaintiff's claim is not permitted by the FBSA's "savings clause".

### DISCUSSION

On May 7, 1995, the Plaintiff, Steve Lady, was operating a personal water craft commonly called a "jet ski". Richard Rychetsky, one of Plaintiff's friends, was following in a boat. The two vessels suddenly collided. As a result of the impact, Plaintiff was thrown from his jet ski and under Rychetsky's boat. Plaintiff was severely injured when he came into contact with the boat's moving propeller. A products liability claim was subsequently filed against OMC, the manufacturer of Rychetsky's boat. The gravamen of Plaintiff's complaint is OMC's failure to provide a propeller guard.[1] OMC argues that Plaintiff's state common law claims, based upon the failure of Defendant to install propeller guards, are preempted by the FBSA, 46 U.S.C. § 4303. Plaintiff disagrees and further contends that the § 4311(g) savings clause permits maintenance of his product liability claim.

■ Congress enacted the Federal Boat Safety Act, 46 U.S.C. § 4301 et. seq., in part "to improve boating safety by requiring manufacturers to provide safer boats and boating equipment to the public through compliance with safety standards to be promulgated by the Secretary of the Department in which the Coast Guard is operating—presently the Secretary of Transportation." P.L. 92–75, Federal Boat Safety Act of 1971, S.Rep. No. 92–

---

1. In his complaint, Plaintiff also alleged that the boat had a defective throttle. In particular, Lady contended that "the boat and engine were defective because when the operator, Mr. Rychetsky, placed the throttle into neutral prior to impact, the propeller did not cease rotating." Defendants' Memorandum in Support of Motion for Summary Judgment, p. 2, · citing Plaintiff's complaint, ¶¶ 13, 15 and 31. However, Plaintiff has since conceded that there is no proof of a throttle defect and that "the portion of the manufacturer's Motion for Summary Judgment as to the claim for the allegedly defective throttle should be granted." See Plaintiff's Response, ¶ 4.

248. The FBSA preemption clause, 46 U.S.C. § 4306 provides:

Unless permitted by the Secretary under section 4305 of this title, a State or political subdivision of a State may not establish, continue in effect, or enforce a law or regulation establishing a recreational vessel or associated equipment performance or other safety standard or imposing a requirement for associated equipment (except insofar as the State or political subdivision may, in the absence of the Secretary's disapproval, regulate the carrying or use of marine safety articles to meet uniquely hazardous conditions or circumstances within the State) that is not identical to a regulation prescribed under section 4302 of this title.

Thus, § 4306 preempts state laws or regulations that are not identical to regulations promulgated under the Act. The United States Coast Guard has been delegated the exclusive authority to establish safety regulations under the FBSA. 49 C.F.R. § 1.46(n)(1). Before promulgating a regulation, the Coast Guard is required to consult with the National Boating Safety Advisory Council ("the Advisory Council") on the need for regulation. 46 U.S.C. § 4302(c)(4). In 1988, the Coast Guard directed the Advisory Council to examine the feasibility and potential safety advantages and disadvantages of propeller guards. In response, the Advisory Council appointed a Propeller Guard Subcommittee "to consider, review and assess available data concerning the nature and incidence of recreational boating accidents in which persons in the water are struck by propellers." National Boating Safety Advisory Council, Report of the Propeller Guard Subcommittee 1 (1989). After reviewing the available scientific data and testimony, the Subcommittee concluded that propeller guards would not increase overall safety, because they increased the chances of contact between a blunt object and a person in the water. Consequently, the Advisory Council Subcommittee recommended that the Coast Guard take no regulatory action to require propeller guards. Acting upon the recommendation of the Advisory Council, and concluding that available accident data did not support the imposition of a regulation requiring propeller guards on motorboats, the Coast Guard decided not to implement regulations requiring propeller guards.

█ The Eleventh and Eighth Circuits have held that the FBSA preempts propeller guard product liability claims. *Lewis v. Brunswick Corp.* 107 F.3d 1494 (11th Cir.1997); *Carstensen v. Brunswick Corp.* 49 F.3d 430 (8th Cir.1995). In addressing the issue, this Court held in *Parker v. Outboard Marine Corp.*, No. J90–001(L), slip op. at 2–3 (S.D.Miss. Feb. 25, 1991) (order granting summary judgment) (citations omitted), that "[t]he Coast Guard's decision not to require propeller guards 'takes on the character of a ruling that no such regulation is appropriate', and precludes states from imposing liability based on the absence of such guards... A state common law action seeking to impose liability for the failure to have a propeller guard is preempted." In *Arkansas Electric Cooperative Corp. v. Arkansas Public Service Commission*, 461 U.S. 375, 384, 103 S.Ct. 1905, 1912, 76 L.Ed.2d 1 (1983), the court held that "a federal decision to forgo regulation in a given area may imply an authoritative federal determination that the area is best left unregulated, and in that event would have as much preemptive force as a decision to regulate. Plaintiff correctly points out that a decision not to regulate does not always have a preemptive effect." *See Freightliner Corp. v. Myrick*, 514 U.S. 280, 115 S.Ct. 1483, 131 L.Ed.2d 385 (1995)(holding that the National Traffic and Motor Vehicle Safety Act did not expressly preempt state common-law design defect claims against manufacturers of trucks not equipped with antilock braking systems); *Puerto Rico Dept. of Consumer Affairs v. Isla Petroleum Corp.*, 485 U.S. 495, 503, 108 S.Ct. 1350, 1355, 99 L.Ed.2d 582 (1988). However, preemption does apply "where [the] failure of ... federal officials affirmatively to exercise their full authority takes on the

character of a ruling that no such regulation is appropriate or approved pursuant to the policy of the statute." *Ray v. Atlantic Richfield Co.,* 435 U.S. 151, 178, 98 S.Ct. 988, 1004, 55 L.Ed.2d 179 (1978) (citations omitted). The court's decision in *Freightliner* noted that "the lack of federal regulation did not result from an affirmative decision of agency officials to refrain from regulating air brakes". *Freightliner Corp. v. Myrick,* 514 U.S. at 286, 115 S.Ct. at 1487. In contrast, the Coast Guard, did make an informed decision to refrain from regulating propeller guards. The Coast Guard's decision not to regulate the installation of propeller guards has the same preemptive force as a decision to regulate. Therefore, to allow a jury to assess damages for failure to provide a propeller guard would, in effect, create a state regulation that guards be installed. Such a requirement would not be identical to any prescribed under the FBSA and is therefore forbidden by FBSA's preemption clause. *See Cipollone v. Liggett Group, Inc.,* 505 U.S. 504, 112 S.Ct. 2608, 120 L.Ed.2d 407 (1992)(holding that a state regulation can be as effectively exerted through an award of damages and that the obligation to pay compensation can be, and is designed to be, a potent method of governing conduct and controlling policy).

█ Plaintiff also asserts that his common law claims are permitted under the FBSA's savings clause. The FBSA savings clause, 46 U.S.C. § 4311(g) provides:

Compliance with this chapter or standards, regulations, or orders prescribed under this chapter does not relieve a person from liability at common law or under State law.

The purpose of this provision is "to assure that in a product liability suit mere compliance by a manufacturer with the minimum standards promulgated under the Act will not be a complete defense to liability." S.Rep.No. 248, 92d Cong., 1st Sess., reprinted in 1971 U.S.Code Cong. & Admin.News 1333, 1353. From the savings clause, it is clear that Congress intended that some products liability claims could be maintained in accord with the FBSA's regulatory scheme. However, to be viable, such claims cannot conflict with the Coast Guard's exclusive authority to regulate boating equipment. "Permitting product liability claims against manufacturers for negligent or defective design of products required by the Coast Guard, or for products provided voluntarily by manufacturers, simply requires manufacturers to comply with FBSA regulations, and to do any additional manufacturing, in a non-negligent and non-defective manner. Permitting such claims is consistent with the FBSA scheme, which is designed to ensure that boats and associated equipment are safe. By contrast, claims based on the failure to install a product that the Coast Guard has decided should not be required would conflict with the regulatory uniformity purpose of the FBSA." *Lewis v. Brunswick Corp.,* 107 F.3d at 1505. The Coast Guard consciously determined that propeller guard regulation was imprudent. On the other hand, no provision of the FBSA prohibits the use of propeller guards. Therefore, in the absence of a federal requirement, manufacturers could choose to install them. Under those circumstances, if the manufacturer installed a defectively designed propeller guard, § 4311(g) would preclude FBSA preemption as a defense. However, § 4311(g) does not apply where the manufacturer merely chooses not to install a device or appliance which the FBSA does not require.

**IT IS THEREFORE ORDERED AND ADJUDGED,** that for the reasons stated above, there exists no genuine issue of material fact and Defendants, Outboard Marine Corporation and Recreational Boat Group Limited Partnership, are entitled to judgment as a matter of law. Defendants' Motion for Summary Judgment, filed September 8, 1998, pursuant to FED. R. CIV. P. 56, should be, and is hereby **GRANTED.**